UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY A RILEY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-3119 |
| KIRBY CORPORATION | SECTION: "P" (3) |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment[1] filed by Defendant Penn Maritime, Inc., incorrectly named as Kirby Corporation. The motion is unopposed. For the reasons set forth herein, Penn Maritime, Inc.'s Motion for Summary Judgment is **GRANTED**.

**I.   BACKGROUND**

This action arises out of an alleged collision involving Plaintiffs' vessel, the MISS LISA, and the vessel owned by Defendant Penn Maritime, the CAPT HAGEN.[2] Plaintiffs are Tony Riley, the owner of the MISS LISA, and Allen Burns, the deck hand aboard the MISS LISA at the time of the alleged collision.[3] Plaintiffs allege both vessels were operating in the lower Mississippi River between Boothville and Fort Jackson on November 10, 2021, when "[t]he CAPT HAGEN crossed over and collided with the MISS LISA."[4] Plaintiffs seek monetary damages of over one million dollars.

In its motion, Penn Maritime argues Plaintiffs cannot prove that the alleged collision was due to the negligence of the CAPT HAGEN because Plaintiffs have failed to produce any evidence demonstrating the CAPT HAGEN breached any applicable duty of care.

---

[1] R. Doc. 10.
[2] *See* R. Doc. 1.
[3] R. Doc. 1 at ¶¶ 1–2, 9.
[4] R. Doc. 1 at ¶¶ 6–7.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7] "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."[8]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[9]  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[10]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[11] The burden

---

[5] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.
[8] *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).
[9] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[10] *Id.* at 1265.
[11] *See Celotex*, 477 U.S. at 325.

then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing a genuine issue of fact exists.[12] The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution.[13]

### III. LAW AND ANALYSIS

To establish Penn Maritime's liability in this maritime collision case, Plaintiffs must demonstrate: (1) there was a duty owed by Penn Maritime, (2) breach of that duty, (3) injury sustained by the Plaintiffs, and (4) a causal connection between Penn Maritime's conduct and Plaintiffs' injuries.[14] Penn Maritime disputes that a collision between the two vessels ever occured but correctly recognizes that there is a genuine dispute of material fact on that issue. Penn Maritime therefore focuses its motion for summary judgment on the first and second elements of Plaintiffs' claims—duty and breach. In particular, Penn Maritime argues that even if a collision occurred (which is denied), the record is devoid of any evidence indicating that the CAPT HAGEN breached any duty owed to Plaintiffs.

"The applicable standards of care in a [maritime] collision case stem from the traditional concepts of prudent seamanship and reasonable care, statutory and regulatory rules, and recognized customs and uses."[15] Penn Maritime contends Plaintiffs have failed to provide any evidence that the navigation of the CAPT HAGEN violated any applicable statute, custom, or common law duty. Penn Maritime points out that beyond "some initial perfunctory discovery

---

[12] *See id.* at 324.
[13] *See Little*, 37 F.3d at 1075 (quoting *Celotex*, 477 U.S. at 322) ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'").
[14] *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991).
[15] *Stolt Achievement, Ltd. v. Dredge B.E. LINDHOLM*, 447 F.3d 360, 364 (5th Cir. 2006).

requests," Plaintiffs conducted no discovery in this case; they did not take any depositions; and they also did not produce any expert reports.[16]

Plaintiffs' failure to produce any evidence to support their claims is fatal given that the record evidence developed and presented by Penn Maritime shows that the CAPT HAGEN was operating in compliance with the applicable Inland Navigation Rules and local custom. Indeed, the undisputed evidence reveals that the CAPT HAGEN was traveling southbound down the Mississippi River in the minutes leading up to the alleged collision, and the MISS LISA was traveling northbound. Both vessels were approaching the bend in the river near Fort Jackson. Under Inland Navigation Rule 14(d), the CAPT HAGEN, as the vessel proceeding downriver, had the right-of-way over the upbound vessel, the MISS LADY.[17] And under the judicially recognized local custom, known as the "point-bend custom," that has "long governed the meeting of vessels on the lower Mississippi River," the northbound vessel is supposed to navigate upriver by going "'over the points,' that is, by navigating close to the points, while the southbound vessel 'runs the bends,' that is, adhere as closely to the bends as safe navigation allows."[18] The AIS data from the CAPT HAGEN, as well as Plaintiff Riley's own testimony, confirm that the CAPT HAGEN, the southbound vessel, was traveling along the bend in the river in the moments leading up to and at the time of the alleged collision, which the Court finds to be in compliance with the point-bend custom.

Plaintiffs allege Penn Maritime is at fault for the purported collision, but Plaintiffs have presented no evidence that Penn Maritime breached any duty owed to Plaintiffs. Plaintiffs' claims against Penn Maritime therefore fail.

---

[16] R. Doc. 10-1 at 4.
[17] 33 C.F.R. § 83.14(d).
[18] *Canal Barge Co., Inc. v. China Ocean Shipping Co.*, 770 F.2d 1357, 1361 (5th Cir. 1985).

## IV. CONCLUSION

For the foregoing reasons, Penn Maritime Inc.'s Motion for Summary Judgment (R. Doc. 10) is **GRANTED**.

New Orleans, Louisiana, this 16th day of October 2024.

                                        **DARREL JAMES PAPILLION**
                                        **UNITED STATES DISTRICT JUDGE**